BRUCE W. NICKERSON, C.B.N. 90760
231 Manor Drive
San Carlos, CA 94070
Tel: (650) 594-0195

Audrey Stephanie Loftin, C.B.N. 147311
Long Beach Law
782 Pacific Ave.
Long Beach, CA 90813
Tel: (562) y21-6300

Attorneys for TRI NHU PHAN and the Plaintiff Class

**IN THE UNITED STATES DISTRICT COURT FOR**

**THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRI NHU PHAN, individually and on behalf of a Class of Persons similarly situated, | ) NO:21-cv-1987 |
| Plaintiffs, | ) **CLASS ACTION COMPLAINT** |
| vs. | ) |
| CITY OF GARDEN GROVE, CHIEF TOM DARE, OFFICER E. LEYVA, OFFICER R. LUX, OFFICER INSPECTOR BROWN, ROMANTIX ADULT BOOKSTORE, and DOES 1 through X, inclusive, | ) |
| Defendants. | ) JURY TRIAL DEMANDED |

<u>**INTRODUCTION**</u>

1. This is a civil rights action for declaratory and injunctive

relief and damages brought pursuant to 42 U.S.C. Sections 1983,

1985 and 1988, 18 U.S.C. 1961 et seq., the First, Fourth, and

Comment [BN1]:

Fourteenth Amendments to the United States constitution, and the Commerce Clause. The Complaint seeks redress from one or more of the Defendants due to their: (i) arbitrary and unlawful discrimination on the basis of perceived sexual orientation; (ii) arbitrary and unlawful discrimination on the basis of gender; (iii) practice of arbitrarily, unlawfully and maliciously enforcing the law in a discriminatory manner against the named Plaintiff and other similarly situated individuals; (iv) practice of arbitrarily, unlawfully and maliciously harassing, targeting for arrest and/or arresting the named Plaintiff and other similarly situated individuals without probable cause; (v) practice of arbitrarily, unlawfully and maliciously violating the named Plaintiff and other similarly situated individuals' right to freedom of speech, expression, association, and (vi) practice of arbitrarily, unlawfully and maliciously violating the named plaintiff's and other similarly situated individuals' right to equal protection under the law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of this action under 28 U.S.C. §
1331 and 1343.  Pursuant to 28 U.S.C. § 1391, venue is proper
in this Court because the acts and/or omissions complained of
occurred in the Central District of California and the acts
described took place within the Central District of California.

3. The amount in controversy herein, excluding interest and costs, exceeds the minimum jurisdictional limit of this Court.

### **PARTIES**

4. Named Plaintiff TRI NHU PHAN was at all relevant times a resident of the City of Garden Grove, County of Orange, California.

5. The above named plaintiff seeks to represent a class of individuals (hereinafter, the "Plaintiff Class"), which is defined and described in further detail at paragraph 15 below.

6. Defendant City of Garden Grove is a municipal corporation located in the County of Orange and is established by the laws and constitution of the State of California, and owns, operates, manages, directs, and controls the Garden Grove Police Department (hereinafter "GGPD") which employs other Defendants in this action.

7. Defendant, CHIEF TOM DARE, is Chief of the Garden Grove Police Department and is sued in his individual and official capacity.

8. Chief Dare is responsible for establishing, ratifying and enforcing the policies, practices and customs of the GGPD and providing training, supervision, instruction, oversight, and discipline concerning the policies, practices, customs, and activities of the entire Garden Grove Police Department.

Defendant Dare acted at all relevant times within the course and scope of his employment as Police Chief.

9. Defendant SGGD Officers E. LEYVA, R. LUX, and INSPECTOR BROWN are all members of the GGPD, and all of whom are sued in both their individual capacities and in their official capacities if they had any policy making duties, functions, or responsibilities with respect to the matters alleged herein.

10. Defendant ROMANTIX ADULT BOOKSTORE is a busines establishment in the city of Garden Grove, California.

11. Plaintiffs are informed and believe and thereon allege that each of the Defendants sued herein was negligently, wrongfully or otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiffs and members of the Plaintiff Class.

12. Plaintiffs are informed and believe and thereon allege that each of the Defendants was at all relevant times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiffs are further informed and believe and thereon allege that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or

-4-

omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.

13. At all relevant times, each Defendant was jointly engaged in tortious activity, resulting in the deprivation of Plaintiffs' and members of the Plaintiff Class' constitutional rights and other harm. At all relevant times, each Defendant acted under color of the laws, statutes, ordinances, policies, practices, customs, and usages of the State of California, the City of Garden Grove, and the GGPD.

### PLAINTIFF CLASS ALLEGATIONS

14. The named Plaintiff and putative class representative brings this class action for declaratory and injunctive relief and damages on his own behalf and on behalf of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff is a member of the class of persons whose members have been harmed by the specific allegations which are set forth infra in paragraph 15.

15. The Plaintiff Class consists of all men who have been falsely arrested for soliciting or engaging in lewd conduct by Garden Grove Police acting as decoys, inside the Movie Arcade area of the Romantix Adult Bookstore. because they are perceived to be interested in meeting men interested in non-monetary intimate association with other men.

A.  The membership of the defined class is so numerous that joinder of all members is impractical.  On information and belief, there are hundreds of men who have been illegally arrested for violations of California law in the Romantix Adult Bookstore by the GGPD because they were perceived to be interested in meeting men interested in non-monetary intimate association with other men.

B. There are questions of law and fact common to the class, and those questions predominate over questions affecting individual class members.  Those common questions include: whether one or more of the Defendants have violated the United States Constitution, the California Constitution and California Statutory law by: (i) targeting areas believed to be frequented by men, who are perceived to be interested in meeting, men interested in intimate association with other men, for the purpose of discouraging these men from these areas and/or arresting them; (ii) effecting false arrests of men, including men who did not violate any law but who are perceived to be interested in meeting men interested in non-monetary intimate association with other men; (iii) publicizing the targeting and arrests of men who are perceived to be interested in meeting men interested in non-monetary intimate association with other men; and (iv) inadequately or improperly training Garden Grove police officers and sending them into areas known or assumed to be frequented by

men who are perceived to be interested in meeting men interested in non-monetary intimate association with other men, with the unlawful objective of violating their rights pursuant to California law as well as their constitutionally protected rights to freedom of speech, expression, and association, to be free from unlawful search and seizure, to privacy and to equal protection.

C. The claims of the named Plaintiff and putative class representative is typical of the claims of the Plaintiff Class, since the named Plaintiff: (i) was perceived by one or more Garden Grove police officers to be interested in meeting men interested in non-monetary intimate association with other men; (ii) was in the Romantix Adult Bookstore a location targeted by Garden Grove police officers because it is believed to be an area frequented by men interested in meeting men interested in non-monetary intimate association with other men; (iii) did not engage in any unlawful act in violation of federal, state, or municipal law; and (iv) was arrested without a warrant and without probable cause even though he had committed no criminal act.

D. Plaintiff and putative class representative was acquitted in a jury trial of all charges against him.

E. Thus the named plaintiff will uniquely and fairly represent and adequately protect the interests of the Plaintiff Class, and will do so vigorously and zealously. The named Plaintiff has no interests antagonistic to the Plaintiff Class; he

seeks relief which will benefit all members of the Plaintiff Class, and he is represented by counsel who is competent and experienced in civil rights litigation.

F.    The Defendants, by establishing, maintaining, encouraging, allowing and/or ratifying the practices alleged in this complaint, have acted on grounds generally applicable to the Plaintiff Class and, as a result, declaratory and injunctive relief with respect to the Plaintiff Class is appropriate.

G. Prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to class members which would establish incompatible standards for parties opposing the class, and Defendants have acted or refused to act on grounds generally applicable to the class and its members, and class questions predominate with respect to the class.

H. Therefore these actions are maintainable under F.R. Civ. P. Rule 23(a), (b)(1)(A), (B)(1), (2), and (3).

I. The nature of the notice to be provided to class members would be determined by the court.

## FACTUAL ALLEGATIONS

16. The City of Garden Grove and Chief Dare have established, maintained, encouraged, allowed and/or ratified a custom, practice or policy of: (i) targeting areas believed to be frequented by men who are perceived to be interested in

meeting, men interested in non-monetary intimate association with other men, for the purpose of harassing these men and interfering with their rights of speech, privacy, expression, association and equal protection; (ii) having police officers approach men, undercover, who are perceived to be interested in meeting men interested in non-monetary intimate association with other men, for the purpose of discussing, suggesting, or implying a willingness to engage in sexual or other intimate activity; (iii) falsely arresting men who are perceived to be interested in meeting men interested in non-monetary intimate association with other men, without warrants and with probable cause and accusing them of engaging in criminal activity even though no criminal activity was engaged in; (iv) treating individuals differently based on their gender and/or perceived sexual orientation; (v) publicizing these arrests in violation of these individuals' rights to privacy in an attempt to deny them and other men their constitutionally protected rights of freedom of speech, expression, association and privacy; and (iv) failing to adequately train, supervise, instruct, monitor, and discipline Garden Grove Police Officers.

17. These defendants have established, maintained, encouraged, allowed, and/or ratified the above custom, practice or policy with the tacit understanding that it would promote the unconstitutional and illegal goal of reducing the number of

'men who are interested in meeting men interested in non-monetary intimate association with other men from meeting one another in public places in Garden Grove particularly In the Romantix Adult Bookstore.

**Allegations Pertaining to Named Plaintiff and Putative Class**

**Representative Tri Nhu Phan**

18. Pursuant to the custom, practice or policy set forth above, Plaintiff PHAN was subjected to a course of conduct as described below.

19. On January 27, 2017 Defendant Officers E. LEYVA and R. LUX entered Defendant ROMANTIX ADULT BOOKSTORE in Garden Grove, California.

20. Specifically, they purchased a token to permit them to enter a coin operated video booth area. This area has two rows of peep show booths separated by a center aisle.

21. This area constitutes a trap for the unwary in that the configuration of the area is designed to provide semi-private viewing of pornographic films which by their suggestion of privacy encourages patrons to release their sexual tension.

22. Plaintiff is informed and believes and hereby alleges that this arrangement is unusual for peep show arcades in that the overwhelming majority of such places provide fully enclosed booths which provide privacy for their viewers.

-10-

23. Plaintiff is informed and believes and hereby alleges that the City of Garden Grove refused to permit the Romantix Bookstore to fully enclose their peep show booths which would have guaranteed privacy.

24. Instead, the city required the Romantix bookstore to lower the partitions to five feet permitting decoy officers to peer over the partitions and observe patrons masturbating thus invading their reasonable expectations of privacy and leading to their arrest and possible registration as sex offenders.

25. In this way, Defendant City of Garden Grove and the Romantix bookstore conspired together to subject hundreds of unsuspecting patrons to false arrest and sex offender registration for conduct which would be ignored if the arcade was properly configured.

26. On the above mentioned day, LEYVA entered one of the semi-enclosed, private booths containing a video screen and a bench.

27. LEYVA deliberately stood in the booth so that he was visible to others in the arcade area. While standing in the booth he made eye-to-eye contact with other persons in the center aisle.

28. Plaintiff PHAN exchanged in eye-to-eye contact with LEVYA who motioned for Plaintiff to join him in the booth by facial gestures.

29. Believing that LEYVA desired intimate contact, Plaintiff PHAN entered LEYVA's semi-private booth, exposed himself, and briefly masturbated expecting LEYVA to join him.

30. When this did not occur, PHAN left the booth.

31. LEYVA then communicated to Defendant Investigator BROWN that PHAN had committed a lewd act and requested an arrest be made.

32. Meanwhile, in response to further eye-to-eye contact, PHAN made a second attempt at intimate contact with LEYVA and was again rebuffed.

33. By this time Investigator BROWN had entered the arcade area and arrested Plaintiff PHAN for lewd conduct.

34. At all times, LEYVA was assisted inside the arcade area by Defendant R. LUX who repeatedly used his 6'4" height to peer over the five foot wall separating individual booths from the center aisle area.

35. In doing so, LUX was communicating to persons in the arcade are including Defendant PHAN that LUX was there to seek intimate contact with persons inside their respective booths.

36. The arrest was false. At all times PHAN had a reasonable belief that his conduct was unlikely to offend anyone in the arcade area and in particular Officer E. LEYVA.

37. Plaintiff accordingly pled not guilty. Subsequently, a jury found Plaintiff PHAN not guilty of both lewd conduct and indecent exposure.

38. Plaintiff now brings the instant suit and demands a jury trial.

## **CLAIMS FOR RELIEF**

**FIRST CAUSE OF ACTION, FALSE ARREST**

42.U.S.C.1983

4th Amendment

39. Plaintiff and putative Class Representative re-alleges and incorporates herein by reference the allegations in paragraphs 1 through 37, above.

40. One or more of the Defendants have violated Plaintiffs' right to be free of unreasonable search and seizure under the Fourth Amendment to the United States Constitution.

41. One or more of the Defendants have unjustifiably deprived Plaintiffs' of their liberty by unlawfully and maliciously arresting them without probable cause in violation of the Fourth Amendments to the United States Constitution.

**SECOND CAUSE OF ACTION, DISCRIMINATORY ARREST**

42.U.S.C.1983

14th Amendment

42. Plaintiffs re-allege and incorporate herein by reference the allegations in paragraphs 1 through 37, above.

43. One or more of the Defendants have violated Plaintiffs' right to equal protection of the laws under the Fourteenth Amendment

to the United States Constitution in that Defendants, and each of them, only targeted males who were perceived to be interested in meeting publicly with men who were similarly interested in non-monetary, intimate association with other men and ignored men who were interested in meeting, in public, women who were interested in non-monetary, intimate association with men as held in *Baluyut V. Superior Court*, (1996) 12 Cal. 4th 826.

### THIRD CAUSE OF ACTION, MONELL CLAIM

<u>42.U.S.C.1983</u>

<u>Policy and Custom</u>

44. Plaintiffs re-allege and incorporate herein by reference the allegations in paragraphs 1 through 37, above.

45. The City of Garden Grove and Chief TOM DARE have, under color of law, violated Plaintiffs' rights, privileges and immunities secured by the United States Constitution in violation of Section 1983 of Title 42 of the United States Code.

46. The above described customs, practices and policies demonstrate a deliberate indifference on the part of the Defendants, and each of them, to the constitutional rights of persons within the City of GARDEN GROVE, and were the cause of the violations of Plaintiff's rights alleged herein.

47. During all relevant times, one or more of the Defendants, and particularly Defendant Chief DARE established, maintained, encouraged, allowed and/or ratified a custom, practice or policy of providing inadequate training, supervision, instruction, oversight, and discipline to San Jose police officers, including those mentioned above, thereby failing to adequately discourage constitutional violations and tacitly agreeing to violate Plaintiffs' constitutional rights.

48. The above described customs, practices and policies demonstrate a deliberate indifference on the part of Defendants, and each of them, and particularly Defendant Chief DARE, to the constitutional rights of persons within the City of Garden Grove, and were the cause of the violations of Plaintiffs' rights alleged herein.

49. Plaintiffs were unlawfully seized and arrested/detained by Defendants without warrant or order or commitment or any other legal authority of any kind as Plaintiffs had not committed any crime or public offence.

50. The conduct as alleged above is ongoing, creating the likelihood of future injuries to Plaintiffs, and the Plaintiff class.

51. Since Plaintiffs and the Plaintiff Class legally are entitled to visit arcade areas where Defendant decoy officers engage in

the activities described above, they face imminent danger of

further arrest and harassment as alleged above.

52. As a proximate result of the acts of Defendants, and each of

them, as herein alleged, Plaintiffs and members of the

Plaintiff class was compelled to expend money all to their

damage in an amount according to proof.

53. As a proximate result of the acts of Defendants, and each of

them, Plaintiffs and members of the Plaintiff Class have

suffered damage to their reputation and shame, humiliation and

embarrassment in the community.

**FOURTH CAUSE OF ACTION, CONSPIRACY**

<u>42.U.S.C.1985(2)</u>

<u>4th Amendment and 14th Amendment</u>

54. Plaintiffs re-allege and incorporate herein by reference the

allegations in paragraphs 1 through 52, above.

55. Defendants, and two or more of them, in the State of

California, City of GARDEN GROVE, by reason of Defendants'

animus against Plaintiffs, and invidious animus of same,

conspired together to act and to fail and omit to act as

hereinbefore alleged, for the purpose of (i) impeding,

hindering, obstructing, and defeating the due course of justice

in Garden Grove (ii) to deny equal protection of the laws to

the Plaintiffs, and to (iii) subject the Plaintiff Class

property and person to unlawfully search, seizure, and criminal prosecution.

56. Defendants, and each of them, purposefully, under color of law, planned and conspired to deny Plaintiffs equal protection of the law in the following respect:

(a) to deny their right to be free from unreasonable search and seizure;

(b) to deny the right of freedom of speech, expression, and association;

(c) to deny the right not to be deprived of life, property or liberty without due process of law;

(d) to deny the right of privacy;

57. By virtue of the foregoing, Defendants, and each of them, violated 42 U.S.C. § 1985 (2).

58. As a direct and proximate result of the foregoing, the Plaintiff Class has been damaged as recited above and is entitled to the damages recited below.

**FIFTH CAUSE OF ACTION**

Violation of the Racketeer Influenced and Corrupt Organizations Statute (RICO) 18 U.S.C.1961, et seq.

(Against all Defendants)

59. Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 57, inclusive, as set forth above.

60. The Garden Grove police Department is an enterprise within the
    meaning of 18 U.S.C. 1961 (4)

61. The activities of the GGPD affect interstate commerce
    including the use of the United States Mails to effect notice
    of their arrests.

62. Defendants acquired and/or maintained control over said
    enterprise through a pattern of racketeering activities, as set
    forth hereinabove, in violation of 18 U.S.C. 1962(b).

63. Defendants, being associated with said enterprise, conducted
    and/or participated in said enterprise's affairs through a
    pattern of racketeering activities, in violation of 18 U.S.C.
    1962(c).

64. The pattern of racketeering activities included a continuous
    pattern and practice involving all of the activities set forth
    in full hereinabove, and involved completing and filing false
    police reports and committing perjury, all chargeable under
    California law as felonies punishable for more than one year in
    prison, in that the police officer defendants repeatedly,
    arbitrarily, unlawfully, and maliciously made false arrests of
    Plaintiffs and said class members and violated the Plaintiff's
    and said Class Members' right to freedom of speech, expression,
    association, and their right to equal protection under the law.

65. pattern and practice of racketeering activities also included
    numerous acts of tampering with witnesses and victims under 18

-18-

U.S.C. 1512 and retaliating against witnesses and victims under 18 U.S.C. 1513.

66. The Plaintiffs and Class Members were injured in their businesses and/or property by reason of the conduct set forth herein.

67. Among other forms of injury, the Plaintiffs and the Class Members lost employment, employment opportunities, and the wages and other compensation associated with said employment and opportunities, in that the Plaintiffs and the Class Members were unable to pursue gainful employment while defending themselves against unjust charges and/or while unjustly incarcerated.[1]

68. The Plaintiffs and the Class Members have sustained a material diminishment of their employment prospects by virtue of the unjust and unconstitutional convictions they have suffered.

---

[1] For a plaintiff to have standing in a civil RICO action, he must have been injured in his business or property by reason of a violation of the RICO statute. See 18 U.S.C. § 1964 (c) (West 1984). Loss of employment, denial of unemployment benefits, loss of business opportunities, and damage to professional reputation constitute cognizable injuries to business or property, so long as the injuries were proximately caused by the racketeering acts. See *Khurana v. Innovative Health Care Sys., Inc.*, 130 F.3d 143, 150-52 (5th Cir. 1997); *Sadighi v. Daghighekr*, 36 F.Supp. 2d 279, 292 (D.S.C. 1999); *McCampbell v. KPMG Peat Marwick*, 1997 WL 311521 at *2 (N.D. Tex. May 30, 1997). Here, Named Plaintiffs allege they lost employment opportunities, wages, and other compensation by virtue of Defendants' racketeering activities. Named Plaintiffs assert these injuries constitute cognizable injuries to business or property under the RICO statutes.

69. Defendants have unlawfully engaged in a pattern of racketeering activities set forth in the preceding averments, on information and belief on hundreds of occasions during the past ten years, and have directly and indirectly acquired control of the named enterprise, Orange County District Attorney's Office, which have engaged in and whose activities affect interstate commerce.

70. Defendants, who are either employed by or who are associated with those racketeering enterprises, have conducted those enterprises through a pattern of racketeering activity, as set forth hereinabove.

71. As a direct and proximate result of the foregoing, Plaintiff and the Class Members have been damaged as recited above and are entitled to triple damages as recited below.

   **WHEREFORE**, Plaintiffs and the Plaintiff Class request that this Court:

   A.   Issue a declaratory judgment that the customs, practices, policies, and acts described in this Complaint violate the Fourth, and Fourteenth Amendments to the United States Constitution.

   B.   Grant permanent injunctive relief enjoining Defendants from enforcing laws in a discriminatory manner by targeting, harassing, and/or arresting men because they are perceived to

desire, seek, and/or engage in non-monetary intimate association with members of the same sex;

  C.  Award Plaintiffs and the Plaintiff Class one million ($1,000,00.00) compensatory damages against Defendants, jointly and severally, for violations of Federal Law as set forth above;

  D. Award Plaintiff and the Plaintiff Class triple damages for violation of the RICO statute;

  E.  Award Plaintiffs their costs, expenses, and reasonable attorney's fees pursuant to 42 U.S.C. § 1988;

  F. And award such further relief as the court may deem just and proper.

Dated: December 5, 2021     ss <u>Bruce W. Nickerson</u>